UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 JUL 28  A 8: 52

| | |
|---|---|
| **Tim Henry Gilmore** *(aka Henry Tim Gilmore,* *Tim H. Gilmore)*, #1210606; | ) **C/A No. 2:05-2079-DCN-RSC** |
| | ) |
| Plaintiff; | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Inmate Frazier,3E (dorm orderly); | ) |
| Alma Burns, RN; | ) |
| Major Patricia Garrison; and | ) |
| Officer NFN Middleton, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil rights action filed by a person detained a local detention center *pro se*.[1]

Plaintiff is confined at the Charleston County Detention Center (CCDC). This is the

seventh civil action that this Plaintiff has filed in this Court since January 2005. [2]  In this

case, Plaintiff claims that his requests to receive care from a "chronic disease doctor"are

being refused. He also claims that a corrections officer has made threatening and abusive

statements to him and has sent a fellow inmate into Plaintiff's cell in order for the inmate

to pick fights with Plaintiff.   There are no allegations of any type of physical contact

between the plaintiff and the other inmate or the corrections officer.  Finally, Plaintiff also

alleges that Defendant Garrison, a supervisor at CCDC, violated "due process" because

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] *See* Civil Action Nos. 2:05-1563; 2:05-1375; 2:05-1106; 2:05-0703; 2:05-0194; 2:05-0128.

she told falsehoods in one of his other federal cases in order to cover for the wrongdoing of certain members of her staff. Plaintiff requests certain forms of injunctive relief as well as "7 million dollars" in compensatory damages.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

2

Plaintiff's requests for injunctive relief and damages for alleged "due process, cruel and usual punish [sic], and racial discrimination," Complaint at 5, are the type of requests routinely made in this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added). Because there do not appear to be any other bases for the exercise of federal jurisdiction over the allegations contained in Plaintiff's Complaint, this case is being liberally construed as one filed pursuant to § 1983.[3]

To the extent that Plaintiff claims he did not receive proper or adequate medical care at CCDC for his "chronic disease," the Complaint allegations do not state a viable claim under 42 U.S.C. § 1983 against Defendant Burns. With respect to medical care, a prisoner in a section 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).[4] At the threshold, a complaint of deliberate indifference must disclose an

---

[3]Plaintiff does not cite to any federal statute as the basis for his claims, and the fact that all parties appear to be South Carolina residents precludes any exercise of diversity jurisdiction over this case. See M & I Heat Transfer Products, Ltd. v. Willke,131 F.Supp.2d 256 (D. Mass. 2001) (to maintain a diversity suit in federal court, no plaintiff can be a citizen of the same state as any of the defendants).

[4]Plaintiff's claims in this case are governed by the Fourteenth Amendment, not the Eighth Amendment, because Plaintiff appears to be a pre-trial detainee, confined at the Charleston County Detention Center. See Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). In Belcher v. Oliver, the Court noted: "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." Belcher v. Oliver, 898 F.2d at 34.

objective injury or inattention to serious medical need. *See* Strickler v. Waters, 989 F. 2d 1375 (1993). Additionally, deliberate indifference involves a subjective component which the Supreme Court has termed a "sufficiently culpable state of mind" on the part of defendants. *See* Johnson v. Quinones, 145 F. 3d 164 (4th Cir. 1998).

In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in Estelle v. Gamble pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. *Cf.* Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See* Brown v. Thompson, 868 F. Supp. 326 (S.D. Ga. 1994)(collecting cases).

The allegations contained in Plaintiff's Complaint do not show that Defendant Burns was medically indifferent to his "chronic disease." Plaintiff's only complaint in this case about his medical care is that Defendant Burns, a nurse at the detention center, did not arrange for him to be seen by an outside "chronic disease doctor" as he requested. Plaintiff does not state that he not receiving *any* medical treatment for his chronic condition.[5] Instead, it appears that he is just unsatisfied with the extent of the care he *is*

---

[5] Plaintiff states that Nurse Burns responded to his request to see another doctor by stating that he was "lucky to be receiving any kind of medication." Complaint, at 4. This quote, in absence of any claim that he is being denied all treatment for his condition and in light of the allegations and facts shown in Plaintiff's other cases in this Court showing that Plaintiff has been receiving medical care at CCDC, indicates that Plaintiff is only complaining not getting about the type and extent of care he desires.

4

getting. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment,* it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988)(emphasis added).  As a result, Plaintiff's allegations against Nurse Burns are insufficient to state a valid § 1983 claim against her.

Furthermore, insofar as Plaintiff complains about threats and/or the use of arguably abusive language against Plaintiff by Defendants Officer Middleton and/or fellow inmate Frazier at Officer Middleton's behest, he also fails to state a valid § 1983 claim against those two Defendants. Although the statements about Plaintiff's wife and daughter attributed to Officer Middleton, if true, would arguably be considered to be crude and rude to a person of ordinary sensibilities, they are not actionable under 42 U.S.C. § 1983. Moreover, Plaintiff's claims that Officer Middleton and fellow inmate Frazier were "joking and poking fun" at Plaintiff "for no reason" and that Frazier came into Plaintiff's room "talking in a loud and forceful manner" completely fail to state any valid § 1983 claim against either Middleton or Frazier.  It is well settled that "the use of vile and abusive language is never a basis for a civil rights action." Sluys v. Gribetz, 842 F. Supp. 764, 765 n. 1 (S.D. N.Y. 1994); *see* Morrison v. Martin, 755 F. Supp. 683, 687 (E.D. N.C. 1990)("The subjection of a prisoner to verbal abuse or profanity does not arise to the level of a constitutional deprivation."); *see also* Batista v. Rodriguez, 702 F.2d 393, 398 (2d Cir. 1983); Malsh v. Austin, 901 F. Supp. 757 (S.D. N.Y. 1995)("Verbal assault, standing alone, is not a judicially cognizable injury in a § 1983 civil rights action.").

Finally, Plaintiff's allegations that Defendant Garrison violated "due process" when she allegedly "scandalized [Plaintiff's] name and told lies on a federal document,"[6] fail to state a valid § 1983 claim against Defendant Garrison.   First, it is well settled that there is no civil rights action for slander or libel.  *See* Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986); *see also* Hollister v. Tuttle , 210 F.3d 1033 (9th Cir. 2000).  Second, Defendant Garrison cannot be sued under § 1983 for providing testimony against Plaintiff in other litigation.   Garrison's submission of an affidavit in support of a motion in another of Plaintiff's cases makes Garrison a witness in that case, and a rule of absolute witness immunity has been adopted by the  majority of Courts of Appeals.*See* Brawer v. Horowitz, 535 F.2d 830, 836- 37 (3d Cir. 1976) (lay witness in federal court; Bivens action); Burke v. Miller, 580 F.2d 108 (4th Cir. 1978) (state medical examiner; § 1983 action); Charles v. Wade, 665 F.2d 661 (5th Cir. 1982) (police officer witness; § 1983 suit); Myers v. Bull, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); Blevins v. Ford, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment).  Additionally, even though Plaintiff does not claim in this case that Defendant Garrison's affidavit testimony resulted from a conspiracy with others, since the United States Supreme Court's decision in Briscoe v. LaHue , 460 U.S. 325 (1983), most circuits have rejected § 1983 claims alleging that the defendants who were testifying witnesses were not entitled to absolute immunity because they were engaged in

---

[6]It appears that Plaintiff is referring to statements contained in an affidavit signed by Defendant Garrison and filed in support of the Motion for Summary Judgment recently docketed in one of Plaintiff's pending cases in this Court.  *See* Gilmore v. Austin, Civil Action No. 2:05-0194 (Major Garrison's affidavit in support of motion for summary judgment)(Document 17).   *See*Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

a conspiracy with each other or with the prosecutor to offer perjurious testimony. *See* Franklin v. Terr, 201 F.3d 1098, 1101-02 (9th Cir. 2000) (involving allegation of conspiracy between two testifying witnesses); Hunt v. Bennett, 17 F.3d 1263, 1267-68 (10th Cir. 1994) (holding prosecutor and police officer witness absolutely immune from claim of conspiracy to present false testimony); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam) (rejecting conspiracy claim and pointing out that plaintiff's conspiracy allegations were "conclusory"); McArdle v. Tronetti, 961 F.2d 1083, 1085-86 (3d Cir. 1992) (involving testifying witnesses); House v. Belford, 956 F.2d 711, 720-21 (7th Cir. 1992) (rejecting claim of conspiracy between prosecutor and testifying witness on ground of absolute immunity); Miller v. Glanz, 948 F.2d 1562, 1570-71 (10th Cir. 1991) (rejecting claim for conspiracy among testifying witnesses); Alioto v. City of Shively, 835 F.2d 1173, 1174 & n. 1 (6th Cir. 1987) (same). Based on the preceding authorities, the allegations against Defendant Garrison based on her participation in other lawsuits Plaintiff has filed against other staff members at CCDC fail to state a valid cause of action under § 1983 and are subject to dismissal under an immunity theory.

## Recommendation

Accordingly, because Plaintiff has failed to state a valid § 1983 claim against any named Defendant, and because there is no other basis for the exercise of this Court's limited jurisdiction evident from the face of the Complaint, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as

7

soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

July 26, 2005
Charleston, South Carolina

8

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
